UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JOHN BENEFIELD,

    Plaintiff,

v.

CAPITAL ONE BANK (USA),
NATIONAL ASSOCIATION,

    Defendant.
_____/

CASE NO.:

**DEMAND FOR TRIAL BY JURY**

## COMPLAINT

Plaintiff, John Benefield (hereinafter "Plaintiff"), by and through the undersigned counsel, sues Defendant, Capital One Bank (USA), National Association (hereinafter "Defendant"), and in support thereof respectfully alleges violations of the Federal Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like Capital One Bank (USA), National Association from invading American citizen's privacy and to prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), https://apps.fcc.gov/edocs_public/attachmatch/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5.  Jurisdiction and venue, for purposes of this action, are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

6.  Subject matter jurisdiction and federal question jurisdiction, for purposes of this action, are appropriate and conferred by 28 U.S.C. § 1331, which provides that the District Courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States; and, this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). *See Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014).

7.  Venue is proper in this District as Plaintiff resides within this District, in Cobb County, Georgia, the violations described in this Complaint occurred in this District and Defendant transacts business within this District.

## FACTUAL ALLEGATIONS

8.  Plaintiff is a natural person and citizen of the State of Georgia, residing in Cobb County, Georgia.

9. Plaintiff is the "called party." *See Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

10. Defendant is a financial entity responsible for attempting to collect an alleged consumer debt from Plaintiff.

11. Defendant is a corporation and national banking institution with its principal place of business located at 4851 Cox Road, Glen Allen, VA 23060 and which conducts business within the State of Georgia.

12. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number at issue in this action, (404) XXX-0144 (hereinafter "cellular telephone"), and was the called party and recipient of Defendant's hereinafter described calls.

13. At all times material hereto, Defendant attempted to collect a debt on account number XXXXXXXXX4682, (hereinafter "subject account"), which was and/or is serviced by Defendant.

14. Defendant intentionally, knowingly and/or willfully harassed and abused Plaintiff on numerous occasions by calling Plaintiff's cellular telephone, beginning in June 2014, with such frequency as can reasonably be expected to harass and in effort to collect upon an alleged debt.

15. Defendant's calls to Plaintiff continued, on average, once per day.

16. Upon information and belief, some or all of the calls Defendant placed to Plaintiff's cellular telephone were placed using an "automatic telephone dialing system" (hereinafter "Autodialer"), which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls").

17. Furthermore, each of the calls at issue were placed by Defendant using an artificial or prerecorded voice, as specified by the TCPA, 47 U.S.C. § 227(b)(1)(A).

18. Beginning in or about June 2014, Defendant began bombarding Plaintiff's cellular telephone in attempt to collect an alleged debt.

19. Upon receipt of the calls, Plaintiff's caller identification feature identified the calls were being initiated from, but not limited to, the phone number 800-946-0332.

20. Upon Plaintiff's receipt of one such call from Defendant, in or about October 2014, Plaintiff answered the call, received Defendant's artificial or prerecorded message, held on the line to be connected to a live agent/representative

and informed said agent/representative to immediately cease all calls to his cellular telephone; furthermore, Plaintiff informed Defendant's aforementioned agent/representative that its incessant calls were harassing him and demanded Defendant immediately cease all calls to his cellular telephone; thereby, unequivocally revoking any previously perceived expressed consent to be called using Defendant's Autodialer, predictive dialer, artificial voice or prerecorded message.

21. During the aforementioned phone conversation with Defendant's agent/representative, Plaintiff explicitly revoked any previously perceived expressed consent Defendant may have believed it had for placement of telephone calls to Plaintiff's cellular telephone by the use of an Autodialer or artificial voice or prerecorded message.

22. Each subsequent call Defendant placed to Plaintiff's cellular telephone was done so after he revoked consent and without the express consent of Plaintiff.

23. Each subsequent call Defendant placed to Plaintiff's cellular telephone was knowingly and willfully placed to his cellular telephone without express consent.

24. On multiple occasions, Plaintiff informed Defendant to immediately cease calling his cellular telephone; however, despite these attempts, Defendant's calls to Plaintiff's cellular telephone continued.

25. Defendant called Plaintiff on his cellular telephone in excess of nine hundred fifty (950) times since June 2014 in attempt to collect an alleged debt.

26. Due to the extreme volume of calls Plaintiff received, Plaintiff was unable to maintain a fully contemporaneous call log of each and every call he received from Defendant; however, the following is a sample of calls Plaintiff received from July 12, 2014 to August 4, 2014:

   i. July 12, 2014 at 4:49 p.m.;
   ii. July 13, 2014 at 9:10 a.m.;
   iii. July 13, 2014 at 2:45 p.m.;
   iv. July 13, 2014 at 7:27 p.m.;
   v. July 23, 2014 at 9:00 a.m.;
   vi. July 23, 2014 at 10:00 a.m.;
   vii. July 23, 2014 at 3:40 p.m.;
   viii. July 25, 2014 at 9:38 a.m.;
   ix. July 29, 2014 at 9:13 a.m.;
   x. July 29, 2014 at 6:27 p.m.;

  xi. July 29, 2014 at 6:27 p.m.;

  xii. July 30, 2014 at 11:15 a.m.;

  xiii. July 30, 2014 at 11:16 a.m.;

  xiv. July 30, 2014 at 8:17 p.m.;

  xv. July 30, 2014 at 8:17 p.m.;

  xvi. July 31, 2014 at 9:17 a.m.;

  xvii. July 31, 2014 at 9:18 a.m.;

  xviii. August 4, 2014 at 10:23 a.m.;

  xix. August 4, 2014 at 10:24 a.m.; and

  xx. August 4, 2014 at 6:19 p.m.

27. Defendant has, or should be in possession and/or control of, call logs, account notes, Autodialer reports and/or other records that detail the exact number of calls it placed to Plaintiff.

28. Despite actual knowledge of its wrongdoing, Defendant continued its campaign of abuse by continuing to call Plaintiff despite not having Plaintiff's express consent to call his cellular telephone.

29. Defendant has corporate policies and/or procedures to use an Autodialer or artificial voice or prerecorded message, and to place autodialed calls, just as it did to Plaintiff's cellular telephone in this case, with no way for the called

party and recipient of the calls, including Defendant, to permit, elect, or invoke the removal of Plaintiff's cellular number from Defendant's call list.

30. The structure of Defendant's corporate policies and procedures permits the continuation of calls to individuals like Plaintiff, despite these individuals revoking any consent, or perceived consent, Defendant may have believed it had to place such calls.

31. Defendant's corporate policies and procedures provided no means for Plaintiff to have his cellular number removed from Defendant's call list; or, otherwise invoke and/or request the cessation and/or suppression of calls to Plaintiff from Defendant.

32. Defendant has corporate policies or procedures of using an Autodialer or an artificial voice or prerecorded message to collect alleged debts from individuals, such as Plaintiff, for its financial benefit.

33. Defendant has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

34. Defendant has numerous complaints against it, across the country, asserting that its Autodialer continues to call individuals who have revoked consent to be called by Defendant.

35. Defendant knowingly employs methods and/or has corporate policies and/or procedures designed to harass and abuse individuals such as Plaintiff.

36. Defendant knowingly employs methods that do not permit the cessation or suppression of autodialed calls to Plaintiff's cellular telephone.

37. None of Defendant's telephone calls placed to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

38. As a result of aforementioned tenacious collection efforts, Plaintiff was affected, both personally and individually, as he experienced an invasion of privacy, stress, worry, embarrassment, intimidation, emotional distress, nausea, pain and suffering, and, headaches. Additionally, Plaintiff suffered from sensitive stomach, loss of work time, additional transportation expenses, overcharge fees, and, damage to his credit rating caused by Defendant's inaccurate reporting. Furthermore, Plaintiff experienced loss of happiness, concentration, sleep, appetite, reputation, income, and, strain to his marriage and familial relationships. All of the abovementioned were caused by, and/or directly related to, Defendant's attempts to collect a debt allegedly owed by Plaintiff.

## COUNT I
### (Violation of the TCPA)

39. Plaintiff incorporates and realleges paragraphs one (1) through thirty-eight (38) as if fully set forth herein.

40. Defendant willfully violated the TCPA with respect to Plaintiff, especially for each of the Autodialer calls it made to Plaintiff's cellular telephone after Plaintiff notified and requested Defendant that he wished for the calls to immediately cease.

41. Defendant repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an Autodialer or artificial voice or prerecorded voice message without Plaintiff's prior express consent and in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

Respectfully submitted,

Octavio "Tav" Gomez, Esquire
Morgan & Morgan, Tampa, P.A.
201 North Franklin Street, 7th Floor

Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar No.: 338620
Georgia Bar No.: 617963
Counsel for Plaintiff(s)
TGomez@ForThePeople.com